```
Ronald H. Freshman, Esq., CBN #225136
Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Telephone: (858) 756-8288
Facsimile:  (858) 964-1728
E-mail:     ronfreshman@gmail.com
```

Attorney for Robert Gabriel Maruca

**UNITED STATES BANKRUPTCY COURT**
**Southern District of California**

| | |
|---|---|
| In re:<br><br>ROBERT GABRIEL MARUCA,<br><br>Debtor | Case No.   14-04011-LT7<br><br>DEBTOR ROBERT GABRIEL MARUCA'S OPPOSITION TO SABRE SPRINGS PLAZA LLC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF<br><br>[Debtor's Opposition to Movant's Request for Judicial Notice filed Concurrently Herewith]<br><br>Date:      August 28, 2014<br>Time:      10:00 a.m.<br>Courtroom: Dept. 3, Room 129<br>Judge:     Hon. Laura S. Taylor |

**OPPOSITION TO MOTION TO DISMISS**

ROBERT GABRIEL MARUCA ("Debtor") by and through his counsel, hereby opposes SABRE SPRINGS PLAZA LLC's ("Movant") "CREDITOR SABRE SPRINGS PLAZA, LLC'S MOTION TO DISMISS THE CHAPTER 7 CASE UNDER 11 U.S.C. §707(B)(1) BASED ON "BAD FAITH" FILING (INCLUDING INTENTIONAL OMISSION OF TWO IMPORTANT ASSETS IN CHAPTER 7 SCHEDULES A, B, AND D) UNDER 11 U.S.C. §707(B)(3)(A); AND "PRESUMED ABUSE" UNDER 11 U.S.C. §707(B)(1), (2)" ("Motion") on the grounds that the Motion is based on, and contains, false accusations,

1                                                           *OPPOSITION TO MOTION TO DISMISS*

inaccurate conclusory statements and legal conclusions, is not ripe and attempts to present speculation rather than providing facts or supporting authority for anything Movant claims.

Movant relies on calculation mistakes and boxes incorrectly checked in forms and upon Debtor's failure to schedule his wife's encumbered real property and ownership of stock in the failed corporation Maestri Foods, Inc. as assets. What Movant conveniently fails to mention is Debtor's additional failure to schedule the liabilities against both of these assets which far exceed the value of either and how anything Movant claims has anything to do with, affects or prejudices Movant.

That Debtor "intentionally concealed his ownership" in either of these assets is speculative, conclusory untruthful. Debtor concealed nothing. Debtor contends Movant's Motion was presented improperly to harass, cause unnecessary delay and costs; and the claims are unwarranted and frivolous lacking evidentiary support in violation of Fed. R. Civ. P., Rule 11(b)(1)-(3).

Had Movant or its attorney taken the time to attend the noticed § 341 meeting of creditors held on July 26, 2014 and made appropriate inquiry per Fed. R. Civ. P., Rule 11(b) instead of preemptively filing the Motion merely four (4) days prior to the meeting, they would have known every allegation made in the Motion was inaccurate, untruthful and defamatory which they were obligated to have known *prior to* filing the Motion.

Accordingly, Debtor respectfully requests this Honorable Court dismiss Movant's Motion without leave to amend and admonish or sanction Movant and its attorney as it deems just and proper for Debtor having to incur the costs involved to respond to Movant's frivolous motion.

Dated: August 5, 2014

                                               /s/ Ronald H. Freshman
                                               Ronald H. Freshman
                                               Attorney for Robert Gabriel Maruca

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND PRELIMINARY STATEMENT**

The basis of Movant's claim(s) is that the Debtor submitted his Form B22A "means test" and schedules in "bad faith" because of Debtor's "intentional omission of two important assets." Movant's conclusory statements and legal conclusions are frivolous, unwarranted and refuted by the record of the § 341 meeting of creditors. There are no facts stated that support Movant's allegations. That said presumption allegedly arises has been rebutted by Debtor's declaration filed at the request of the U.S. Trustee during the § 341 meeting.

It would appear that Movant and its attorney are not actively or properly engaged in this bankruptcy process as the Motion failed completely, to recognize that the forms and schedules filed and relied on for the Motion were and remain subject to amendment. Movant's failure to attend the § 341 hearing to express its claims, further brings into question the veracity of Movant's claims to be a purported "creditor."

**II. FACTS AND SUPPORTING EVIDENCE**

**Re Movant's "FACTUAL BACKGROUND"**

In ¶ 5 of the Motion, Movant fails to explain the relevance of the lack of disclosure of Debtor's wife's income or occupation or how this prejudices Movant.

Movant proceeds to make its own calculations in ¶¶ 6-7 of the Motion in contradiction of its other claims and conclusory statements, in ¶ 8 where Movant admits, although lacking the requisite specificity, that sometime in 2013 it *was* in fact disclosed that Debtor "owned Maestri Foods, Inc." This impeaches Movant's claims that Debtor "intentionally" failed to disclose this purported asset. As stated during the § 341 meeting, Maestri Foods' liabilities far exceed the assets, so listing any ownership interest as an asset neither affects the administration of the bankruptcy estate nor prejudices Movant whatsoever.

Movant states that Debtor "intentionally concealed his ownership of this real property." This is a conclusory and untruthful statement. While Debtor may have or had a community

property interest in the subject real property (which has yet to be determined,) Debtor is not the "owner[s]" of this real property as Movant states, his wife is.

Movant fails to describe Debtor's purported "ownership" status or how such ownership interest, if any; or any recorded or unrecorded security instrument or other encumbrance, inaccurately concluded by Movant to be "a secured mortgage loan;" either affects or prejudices Movant or the administration of the bankruptcy estate.

¶ 8 Movant claims Maestri Foods, Inc. "pays [Debtor] $6,000 a month." As disclosed, amended and addressed at the § 341 hearing, this is no longer true. That Debtor "chose not to disclose but omitted his ownership interests" in Maestri Foods, is far different than Movant's numerous conclusory and untruthful claims that Debtor "intentionally concealed" said "ownership."

**Re Movant's "MEMORANDUM OF POINTS AND AUTHORITIES" ("P&A") § I**

Movant fails to exhibit understanding that its Motion is not the basis to dismiss Debtor's bankruptcy or the preliminary filed forms and schedules but the Debtor's actual, current financial situation, not as conjured up by Movant capitalizing on excusable and amendable mistakes made in the complicated bankruptcy forms and schedules. This can only be viewed as Movant's attempt to deny Debtor the relief and fresh start he is lawfully entitled to.

As cited by Movant itself, a "finding of abuse" is required and here, there has been no finding of abuse in this case. This means the *Court* must find the abuse, not Movant.

Movant and its attorney were negligent by failing to attend the § 341 meeting. Movant's Motion was not ripe before filing and each failed to comply with precedent requirements prior to filing it. Had Movant or its attorney taken the time to attend the § 341 meeting, they would (and should) have understood that the claims they made were both premature and meritless.

**Re Movant's P&A § II**

A "presumption of abuse" does NOT mean there was abuse. On one hand Movant claims Debtor "correctly calculated" yet on the other goes into detail to state the mistakes Movant made in the forms. Contradictions are replete throughout the Motion.

Movant's continued unintelligible and repetitive arguments in this section are irrelevant to the instant circumstances, inaccurate and conclusory. Movant's presumptions and legal conclusions are without factual support and therefore fail. Movant could not possibly claim any application of the "totality of the circumstances" when the "totality of the circumstances" have been yet to be determined. The § 341 process has not even been concluded yet.

The additional rhetoric and misstated citations in the balance of the Motion do not support Movant's claims. No facts are stated sufficient to support any of Movant's allegations nor has Movant even made a claim for relief or documented prejudice.

### III. LEGAL ARGUMENT

There has been no trustee statement of presumed abuse filed pursuant in this case pursuant to 11 USCS § 704 *et seq*. The trustee is the one who is the one tasked with representing the rights of debtor and of creditors of debtor,[1] not the Movant. Although the burden of producing evidence to rebut the resumption of abuse lies with Debtor, this does not shift the burden of persuasion, which remains with Movant[2] which Movant has completely failed to do because there has been no such abuse.

The Debtor has lost all income previously stated in the bankruptcy forms. The situation was discussed with the Chapter 7 Trustee at the most recent § 341meeting. It is up to the *Court*, not Movant, to presume any abuse exists based on the debtor's "**current** monthly income."[3] Accordingly, the presumption of abuse no longer exists.

---

[1] *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir. Ill. 1987).
[2] USCS Fed. Rules of Evid., R. 301.
[3] 11 USCS 707(b)(2).

## IV. CONCLUSION AND PRAYER

For the reasons stated herein above, Debtor respectfully requests this Honorable Court dismiss Movant's Motion without leave to amend; prays the Court award Debtor his attorneys' fees and costs for having to respond to this frivolous and unmeritorious Motion; and, for such other relief the Court deems just and proper.

Date: August 5, 2014

                                                              /s/ Ronald H. Freshman
Ronald H. Freshman
Attorney for Robert Gabriel Maruca

Ronald H. Freshman, Esq., CBN #225136
Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Telephone: (858) 756-8288
Facsimile:  (858) 964-1728
E-mail:     ronfreshman@gmail.com

Attorney for Robert Gabriel Maruca

**UNITED STATES BANKRUPTCY COURT**
**Southern District of California**

| | |
|---|---|
| In re:<br><br>ROBERT GABRIEL MARUCA,<br><br>Debtor | Case No.   14-04011-LT7<br><br>DEBTOR ROBERT GABRIEL MARUCA'S OBJECTION AND OPPOSITION TO SABRRE SPRINGS PLAZA LLC'S REQUEST FOR JUDICIAL NOTICE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF<br><br>[Debtor's Opposition to Movant's Motion to Dismiss filed Concurrently Herewith]<br><br>Date:        August 28, 2014<br>Time:       10:00 a.m.<br>Courtroom: Dept. 3, Room 129<br>Judge:      Hon. Laura S. Taylor |

**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

ROBERT GABRIEL MARUCA ("Debtor") by and through his counsel, hereby opposes SABRE SPRINGS PLAZA LLC's ("Movant") "CREDITOR SABRE SPRINGS PLAZA, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE CHAPTER 7" ("RJN") on the ground that Movant's RJN is not authorized under any supporting legal authority.

1     *OPPOSITION TO REQUEST FOR JUDICIAL NOTICE*

1  Accordingly, for the reasons stated herein, Debtor respectfully requests this Honorable
2  Court deny Movant's RJN and each of the requested documents and exhibits attached thereto.

4  Dated: August 5, 2013

   *signature*
   Ronald H. Freshman
   Attorney for Robert Gabriel Maruca

2    *OPPOSITION TO REQUEST FOR JUDICIAL NOTICE*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PRELIMINARY STATEMENT

**No Grounds Stated - Lack of Requisite Specificity**

1.  Movant has labeled two (2) requests for judicial notice from this Honorable Court which each contain multiple exhibits and multiple documents in some of the exhibits. Each request is claimed to be "under <u>Federal Rules of Evidence</u> 201." Fed. R. Evid., R. 201 contains multiple sub-sections not one of which is specified in Movant's RJN. Further, Movant's RJN fails to provide the requisite specificity with regard to whether any of the requests are of an "adjudicate fact," "legislative fact," whether any is a "true and correct copy," nor is any request authenticated in any manner whatsoever.

**No Supporting Authority – No Memorandum of Points and Authorities**

2.  While Movant has suggested under which general rule the Court may (only) take judicial notice of an adjudicative fact [see, Fed. R. of Evid., R. 201(a)]. Movant has failed to provide even one specific supporting authority that allows the Court to take judicial notice of any request made.

3.  Therefore Debtor requests the Court deny Movant's requests.

## II. FACTS, LEGAL STANDARD(S), ARGUMENT AND AUTHORITIES

**Re Movant's Request No. 1 Exhibit "1"**

4.  Movant's Request No. 1 contains two "Exhibits." Exhibit "1" merely cites the document it requests judicial notice of. No authority, statutory or otherwise has been provided. Further this document relates to a "Presumed Abuse" which by its very nature is subject to dispute, amendment and modification. Movant disputes the facts in, and accuracy of, this document pursuant to Fed. R. of Evid., R. 201(b)(1) and (2). Therefore, judicial notice may not be taken of this document.

1    *OPPOSITION TO REQUEST FOR JUDICIAL NOTICE*

**Re Movant's Request No. 1 Exhibit "2"**

5.     This request contains multiple documents not one of which has any cited authority been provided from which judicial notice may be taken.  Each of the documents requested judicial notice of contains facts that *are* subject to reasonable dispute and further amendment during the bankruptcy process.  In fact, Movant itself, disputes the facts contained in these documents as exhibited in its Motion to Dismiss, filed contemporaneously with its RJN.

6.     Movant inaccurately provides wording (and no cited authority) that is not from any applicable authority in this jurisdiction.  Movant disputes the facts in, and accuracy of, these documents pursuant to Fed. R. of Evid., R. 201(b)(1) and (2).  There are no provisions in the Fed. R. of Evid. that provides the authority for the Court to "take judicial Notice of records of any Court of this State or any Court of the United States" (see, RJN 2:5-6); nor is it clear what "[] documents" Movant is referring to (see, RJN 2:4-8).  Therefore, judicial notice may not be taken of these documents.

**Re Movant's Request No. 2 Exhibit "3"**

7.     Exhibit "3" merely cites the document it requests judicial notice of.  No authority, statutory or otherwise has been provided.  Therefore, judicial notice may not be taken of this document.

**Re Movant's Request No. 2 Exhibits "4," "5," "6, "8" and "9"**

8.     There is no supporting authority provided that allows the Court to take judicial notice of "[a] print-out" of any of these documents.  No document is authenticated; and each document is subject reasonable dispute.  Therefore, judicial notice may not be taken of these documents.

**Re Movant's Request No. 2 Exhibit "7"**

9.     Movant's request in Exhibit "7" itself, provides disputed allegations not supported by applicable authority nor the document requesting judicial notice of.  These claims are not only disputed (Debtors deny the statements made) but are *not* at this time, the subject of

adjudication in this instant case.  Therefore, judicial notice may not be taken of this document.

**Re RJN 3:8-12**

10.   The bald and inapposite statement in this paragraph of the RJN provides argument and makes allegations and claims that are without the requisite specificity.  Movant has misquoted the purported authority provided and fails to intelligibly identify to what the cited and incomplete authority is supposed to be applicable to.  Fed. R. of Evid., Rule 201 does not provide the Court the authority to take judicial notice of "certain facts and documents" (see, RJN 3:8-9) but provides for judicial notice of "an adjudicative fact only, not a legislative fact" [Fed. R. of Evid., Rule 201(a)].  The kind of fact(s) that may be judicially noticed include those that are "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[]" [Fed. R. of Evid., R. 201(b)(1) and (2)]. There are no such fact(s) identified by Movant, nor available for the Court to take judicial notice of.

**Re RJN 3:13-19**

11.   As in the previous paragraph, this paragraph of the RJN confuses taking judicial notice of a document, which is not authorized in the Fed. R. of Evid. as opposed to the quoted statement in the RJN which confuses the Cal. Evid. Code with the Fed. R. of Evid., neither of which is accurately quoted by Movant (see, RJN 3:15-17).[1]  That the documents requested judicial notice of are "conformed" copies is irrelevant.  They are not authenticated; said documents are not "filed" the Recorder's Office nor "recorded" by the  unidentified "Court" (which is it "filed" or "recorded"?); nor is there any applicable authority cited by Movant that allows judicial notice of these documents.

---

[1] Movant generally cites in various sections of the RJN, sub-sections of Cal. Evid. § 452 which are inapplicable in this jurisdiction and misleading to this Court.

3    *OPPOSITION TO REQUEST FOR JUDICIAL NOTICE*

### III. CONCLUSION

12.   Movant failed to state any applicable grounds with the requisite specificity to support its RJN.  The requests Movant made failed to conform to any sub-section of Fed. R. Evid., R. 201, not one of which was accurately designated.  Therefore, for the reasons stated herein, Debtor respectfully requests this Honorable Court deny each and every request for judicial notice Movant has made in support of its Motion to Dismiss.

Dated:  August 5, 2013

_____
Ronald H. Freshman
Attorney for Robert Gabriel Maruca

| | |
|---|---|
| Ronald H. Freshman, Esq., SBN #225136<br>Law Office of Ronald H. Freshman<br>3040 Skycrest Drive<br>Fallbrook, CA 92028<br>Telephone:  858-756-8288<br>Facsimile: 206-424-0744<br><br>Attorney for Robert Gabriel Maruca | |

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re: ROBERT GABRIEL MARUCA,<br><br>            Debtor | Case No.   14-04011-LT7<br>DEBTOR ROBERT GABRIEL MARUCA'S OPPOSITION TO SABRE SPRINGS PLAZA LLC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF<br>[Debtor's Opposition to Movant's Request for Judicial Notice filed Concurrently Herewith]<br><br>Date: August 28, 2014<br>Time: 10:00 a.m.<br>Courtroom: Dept. 3, Room 129<br>Judge: Hon. Laura S. Taylor |

## CERTIFICATE OF SERVICE

I, RONALD H. FRESHMAN, certify that I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 3040 Skycrest Drive, Fallbrook, CA 92028.  A true and correct copy of the documents entitled:

1)     DEBTOR ROBERT GABRIEL MARUCA'S OPPOSITION TO SABRE SPRINGS PLAZA LLC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF

2)     DEBTOR ROBERT GABRIEL MARUCA'S OBJECTION AND  OPPOSITION TO SABRRE SPRINGS PLAZA LLC'S REQUEST FOR JUDICIAL NOTICE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF

The following were served in the form and manner below:

1. **By regular, first class United States Mail, postage fully pre-paid, addressed to:**

    See Attached Service List

2. **Via ECF Filing: by electronically mailing to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.**

    Richard S. Kim: rkim@lawrichardkim.com

    Ronald E. Stadtmueller (Chapter 7 Trustee): ecfstadt@aol.com

    United States Trustee: ustp.region15@usdoj.gov

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Dated: August 5, 2014

　　　　　　　　　　　　　　　　　　　　　／s／ Ronald H. Freshman
　　　　　　　　　　　　　　　　　　　　　Ronald H. Freshman
　　　　　　　　　　　　　　　　　　　　　Attorney for Robert Gabriel Maruca

## SERVICE LIST
## (SERVED BY UNITED STATES MAIL)

**Debtor**
Robert Gabriel Maruca
3733 Mesa Vista way
Bonita, CA 91902

**Richard S. Kim**
**Law Offices of Richard S. Kim & Associates**
**3435 Wishire Blvd., Suite 2630**
**Los Angeles, CA 90010-1937**

**United States Trustee**
United States Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

**Chapter 7 Trustee**
Ronald E. Stadtmueller, Esq.
10755 Scripps Poway Pkwy., #370
San Diego, CA 92131

EOD CCA
700 Longwater Drive
Norwell, MA 02061

IC Systems, Inc.
Box 64378
Saint Paul, MN 55164

Midland Funding
8875 Aero Drive, Ste. 200
San Diego, CA 92123

Velocity Merchant Service
2021 Midwest Rd, Ste. 302
Oak Brook, Il 60523

Ford Credit
PO Box 552679
Detroit, MI 48255-2679

Credit Control Corp
11821 Rock Landing Dr.
Newport News, VA 23606

Midland Funding
8875 Aero Drive, Ste. 200
San Diego, CA 92123

Capital One
Box 30273
Salt Lake City, UT 84130

Enhanced Recovery Corporation
Box 57547
Jacksonville, FL 32241

Goodyear Tire/Citibank
Box 6497
Sioux Falls, SD 57117

Sky Recovery Services
1200 Westheimer Rd., #233
Houston, TX 77077

Chase Auto Finance
PO Box 78050
Phoenix, AZ 85062-8050